USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/18/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ X
  UNITED STATES OF AMERICA,                                  :
                                                             :        16-CR-372 (VEC)
          -against-                                          :
                                                             :              ORDER
                                                             :
  EDWARD REEVES,                                             :
                                    Defendant.               :
------------------------------------------------------------ X
```

VALERIE CAPRONI, United States District Judge:

WHEREAS on May 8, 2017, Defendant Edward Reeves pleaded guilty to one count of conspiring to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846 (*see* Dkt. 107);

WHEREAS on August 16, 2017, the Court sentenced Defendant to 60 months' imprisonment and ordered that the term of imprisonment run "concurrent to the defendant's undischarged New York State sentence, with credit for the time already served" (*see* Dkts. 139, 161);

WHEREAS on May 24, 2019, Defendant filed a motion arguing that he only has 18 months left to serve on his federal sentence and seeking an Order directing his immediate transfer to state custody to serve the remainder of his federal and state sentences concurrently (Dkt. 186);

WHEREAS challenges to the execution or implementation of a sentence, rather than the legality of the sentence itself, must be brought under 28 U.S.C. § 2241 in the district of confinement; *see Levine v. Apker,* 455 F.3d 71, 78 (2d Cir. 2006) ("A challenge to the *execution* of a sentence—in contrast to the *imposition* of a sentence—is properly filed pursuant to § 2241. … Execution of a sentence includes matters such as [] computation of a

prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions") (internal citation omitted); *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement");

WHEREAS Defendant is currently incarcerated in the District of New Hampshire;

IT IS HEREBY ORDERED THAT: Defendant's motion is DENIED without prejudice. Petitioner may refile the petition in the proper district.

The Clerk of Court is respectfully directed to close the open motion at Dkt. 186, to mail a copy of this order to Defendant Edward Reeves, and to note mailing on the docket.

**SO ORDERED.**

Date: December 18, 2019
New York, New York

_____
VALERIE CAPRONI
United States District Judge